The Chancellor.
The complainant produced the bond and mortgage, its assignment to Jasper 8. Seudder, and the declaration of trust of Seudder as such assignee. He proves that the money paid for the assignment was advanced by the individuals named in the declaration of trust, and that the two hundred and thirty-five dollars and sixteen cents were the proceeds of a discounted note, given by the complainant himself. The defendants attempt to show that these were donations made by these individuals for the benefit of the church. It is certainly competent for the defendants to show that it was their money which paid the consideration of the assignment, and that Jasper S. Seudder, to whom the assignment was made, thus became their trustee, and that the declaration of trust was made through fraud or mistake.
If Mr. Seudder’s testimony is to be relied upon — and that it is counsel did not all question — he places this matter beyond all dispute. He says, “ the parties mentioned in that paper (meaning the declaration of trust) paid over the sums named therein for the purpose of purchasing that mortgage.” George W. Burroughs was acting as the agent of the trustees, and Mr. Seudder says he drew the paper, at the request of Mr. Burroughs, to show that the church was entitled to the mortgage on the repayment of those sums. The witness further says, that he and Mr. Stryker, each, advanced one hundred dollars, and that the church have repaid each of them ninety dollars of the money so advanced. The witness again says, “ this certificate (No. 18) was drawn at the request of the parties to the same, and with the knowledge of George W. Burroughs.” It is true this testimony is directly contradictory to the answer and to the testimony of Mr. Burroughs. Both Mr. Burroughs and Mr. Seudder are men of undoubted integrity, and their evidence is entitled to the fullest confidence. There is some mistake and misunderstanding about the transaction, as it occurred. The complainant produces the written evidence of his right to the money, *444 and the burthen of proof is upon the defendants to show fraud or mistake. Mr. Scudder corroborated the written evidence. That he is contradicted by Mr. Burroughs, does not impair the complainant’s right to the benefit of his securities.
But independent of the evidence of Mr. Scudder, and relying altogether upon that of Mr. Burroughs, I do not think the evidence of the latter would defeat the complainant’s right of recovery. • He was acting as the agent of the defendants, and paid the money to the assignor of the bond and mortgage. It is proved (and nothing that he says calls that in question) that the money came from the individuals named in the declaration of trust. It is attempted to be proved by him that these were donations to the church, but he knows nothing of his own knowledge. The money, which was advanced by the complainant, was paid to Mr. Burroughs by Thomas J. Stryker. The witness says — “ I considered this a gift by Mr. Hanson to the church.” I lay out of view entirely the declarations of Mr. Stryker. They were not competent. Mr. Stryker, himself, was a competent witness. I disregard, also, the second examination of Mr. Scudder, though I do not think it materially varies anything he said in his first examination. His second examination was unauthorized. It was made without an order of the court. There are other circumstances which strengthen the complainant’s case, but his right to recover is so clear that I do not think it necessary to go beyond the testimony of the two material witnesses to whom I have referred.
Let a decree of reference be made for an account, &c.